UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

BARBARA SHAWCROFT,

Plaintiff,

v.

ROUNDPOINT MORTGAGE SERVICING CORPORATION, a Florida Corporation; QUALITY LOAN SERVICE CORPORATION, a California Corporation; and Does 1 through 10, inclusive,,

Defendants.

No. 2:15-cv-00698-MCE-KJN

**MEMORANDUM AND ORDER**

Through the present lawsuit, Plaintiff Barbara Shawcroft ("Plaintiff") seeks to enjoin her mortgage servicer, Defendant Roundpoint Mortgage Servicing Corporation ("Roundpoint"), from selling Plaintiff's home, located at 2302 Bucklebury Drive in Davis, California, at a Trustee's sale occasioned by her alleged failure to keep mortgage payments current. Plaintiff has also sued the mortgage trustee, Defendant Quality Loan Service Corporation ("Quality"). In addition to injunctive relief, Plaintiff also seeks a declaratory judgment to ascertain the propriety of Defendants' accounting for the mortgage payments made by Plaintiff, and whether Defendants' shortcomings in that regard violated California law.

Plaintiff's lawsuit was commenced in Yolo County Superior Court ("state court") with the filing of Plaintiff's Verified Complaint for Declaratory and Injunctive Relief and Damages on January 29, 2015. Defendant Roundpoint, a Florida Corporation with its principal place of business located in North Carolina, subsequently removed the matter to this Court on March 27, 2015, once it allegedly determined that Quality's status as a California corporation was nominal in nature and could be disregarded for diversity purposes. Through the Motion to Remand now before the Court, Plaintiff argues that Quality is indeed a proper party for determining whether this Court has diversity jurisdiction and that Quality's presence in the lawsuit destroys the diversity that would otherwise exist between Plaintiff (a California citizen) and Roundpoint. ECF No. 6. Plaintiff further contends that diversity jurisdiction is lacking because the amount in controversy is less than the $75,000.00 minimum needed to confer such jurisdiction under 28 U.S.C. § 1332(a).

For the reasons set forth below, Plaintiff's Motion to Remand is DENIED.[1]

## BACKGROUND

As indicated above, Plaintiff instituted this lawsuit in state court on January 29, 2015. The action was filed to prevent a trustee's sale on Plaintiff's property scheduled to occur on February 5, 2015. On February 3, 2015, the state court issued a Temporary Restraining Order ("TRO") to enjoin that pending sale. Thereafter the Trustee's sale was cancelled and a Motion for Preliminary Injunction was filed with a hearing date of March 27, 2015. Plaintiff and Roundpoint subsequently agreed to continue the hearing on the preliminary injunction until June 16, 2015, and further stipulated that the TRO enjoining any trustee's sale would remain in effect until that time.

///

[1] Having determined that oral argument would not have been of material assistance, the Court ordered this Motion submitted on the briefing in accordance with Local Rule 230(g).

In the meantime, Quality was also served with Plaintiff's lawsuit. Quality filed its Declaration of Nonmonetary Status ("DNMS") in state court on or about February 24, 2015. Quality filed that Declaration pursuant to California Civil Code § 2924*l* on the grounds that Quality was named solely in its capacity as trustee, and not due to any wrongful acts or omission on its part in perfoming its duties as trustee. The fact that no objection to the DNMS was filed within fifteen days caused Roundpoint to conclude that Quality was a nominal party whose status could be disregarded for purposes of diversity as a matter of law. Within thirty days after the date that such nominal status had allegedly been ascertained, Roundpoint removed the action on grounds that the real parties in interest were completely diverse. In the pending Motion to Remand, Plaintiff argues that Roundpoint's removal was premature inasmuch as Plaintiff may amend her complaint to include additional claims against Quality that would change its purportedly nominal status. As indicated above, Plaintiff further claims that the minimum amount in controversy requirement attendant to diversity jurisdiction is lacking.

## STANDARD

When a case "of which the district courts of the United States have original jurisdiction" is initially brought in state court, the defendant may remove it to federal court "embracing the place where such action is pending." 28 U.S.C. § 1441(a). There are two bases for federal subject matter jurisdiction: (1) federal question jurisdiction under 28 U.S.C. § 1331, and (2) diversity jurisdiction under 28 U.S.C. § 1332. A district court has federal question jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States." Id. § 1331. A district court has diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, . . . and is between citizens of different states, or citizens of a State and citizens or subjects of a foreign state . . . ." Id. § 1332(a)(1)-(2).

///

A defendant may remove any civil action from state court to federal district court if the district court has original jurisdiction over the matter. 28 U.S.C. § 1441(a). "The party invoking the removal statute bears the burden of establishing federal jurisdiction." Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988) (citing Williams v. Caterpillar Tractor Co., 786 F.2d 928, 940 (9th Cir. 1986)). Courts "strictly construe the removal statute against removal jurisdiction." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (internal citations omitted). "[I]f there is any doubt as to the right of removal in the first instance," the motion for remand must be granted. Id. Therefore, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded" to state court. 28 U.S.C. § 1447(c).

The district court determines whether removal is proper by first determining whether a federal question exists on the face of the plaintiff's well-pleaded complaint. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). If a complaint alleges only state-law claims and lacks a federal question on its face, then the federal court must grant the motion to remand. See 28 U.S.C. § 1447(c); Caterpillar, 482 U.S. at 392. Nonetheless, there are rare exceptions when a well–pleaded state-law cause of action will be deemed to arise under federal law and support removal. They are "(1) where federal law completely preempts state law, (2) where the claim is necessarily federal in character, or (3) where the right to relief depends on the resolution of a substantial, disputed federal question." ARCO Envtl. Remediation L.L.C. v. Dep't of Health & Envtl. Quality, 213 F.3d 1108, 1114 (9th Cir. 2000) (internal citations omitted).

If the district court determines that removal was improper, then the court may also award the plaintiff costs and attorney fees accrued in response to the defendant's removal. 28 U.S.C. § 1447(c). The court has broad discretion to award costs and fees whenever it finds that removal was wrong as a matter of law. Balcorta v. Twentieth-Century Fox Film Corp., 208 F.3d 1102, 1106 n.6 (9th Cir. 2000).

///

///

**ANALYSIS**

As indicated above, Quality filed its Declaration of Non-Monetary Status on February 24, 2015.  Def. Roundpoint's Notice of Removal, ECF No. 1-3.   California Civil Code section 2924*l*(a) authorizes the filing of such a declaration as follows:

> In the event that a trustee under a deed of trust is named in an action or proceeding in which that deed of trust is the subject, and in the event that the trustee maintains a reasonable belief that it has been named in the action or proceedings solely in its capacity as trustee, and not arising out of any wrongful acts or omissions on its part in the performance of its duties as trustee, then, at any time, the trustee may file a declaration of nonmonetary status.

Under subdivision (b) of the statute, any party who has appeared in the action has fifteen days from the date of service of the DNMS to object to the proposed non-monetary judgment status.  Cal. Civ. Code § 2924*l*(b).  The statute goes on to make it clear that in the event no objection is served within the fifteen-day objection period, the trustee shall not be required to participate further in any lawsuit.  Id. at § 2924*l*(c).

There is no dispute that Plaintiff failed to object to Quality's DNMS within the requisite period, or at any time thereafter for that matter.  A defendant filing a DNMS to which no objection is made is deemed a nominal party whose citizenship need not be considered for purposes of diversity jurisdiction.  Rivera v. Aurora Loan Servs. LLC, No. 09-cv-2686, 2010 WL 1709376 at *2 (S.D. Cal. Apr. 26, 2010); Lawrence v. Aurora Loan Servs., LLC, No. 09-cv-1598; 2010 WL 449734 at *4 (E.D. Cal. Feb. 8, 2010); Figueiredo v. Aurora Loan, No. C 09-4784, 2009 WL 5184472 at *1 (N.D. Cal. Dec. 22, 2009); Delgado v. Bank of Am. Corp., No. 09-cv-1638; 2009 WL 4163525 at *4-5 (E.D. Cal. Nov. 23, 2009).  Quality therefore obtained such nominal party status by operation of law fifteen days after service of its DNMS on February 24, 2015 without objection.  See Sun v. Bank of Am. Corp., 2010 WL 454720 at *2 (C.D. Cal. 2010).  Because a federal court must disregard nominal parties and premise jurisdiction only upon the

///

citizenship of real parties to the controversy, diversity was present once the objection period for the DNMS expired.

Plaintiff essentially concedes that Quality's nominal status has resulted in this Court having diversity jurisdiction over the dispute, at least at the present time, stating that diversity "technically could be considered to currently exist, but . . . will not remain if this action continues." Pl.'s Mot., ECF No. 7, 6:10-11. Plaintiff therefore argues that even if diversity is present now, it will not be in the future if Plaintiff amends her complaint to include monetary damages against both Roundpoint and Quality. Contending that the pleadings have not been finalized in this regard, Plaintiff asserts that Roundpoint's removal was "premature" and this Court should remand the action back to state court where she can, if necessary, pursue such amendment. Id. at 4:12-26.

Plaintiff's position in this regard plainly lacks merit. It is axiomatic that diversity is determined at the time of removal. Mattel, Inc. v. Bryant, 441 F. Supp. 2d 1081, 1093 (E.D. Cal. 2005). Because it is undisputed that Quality was only a nominal defendant at the time of removal given the unopposed DNMS, diversity was present at that juncture.

Plaintiff's second argument, that the $75,000 amount in controversy requirement applicable to diversity jurisdiction has not been established, is equally unavailing. By seeking injunctive relief protecting Plaintiff's interest in the property by preventing Roundpoint from proceeding with a Trustee's Sale, Plaintiff seeks to preserve her purpose in real property which she estimated to be worth approximately $400,000 when she filed for bankruptcy protection in February 2013. See Roundpoint's Opp., ECF No. 12, at 10:6-7. The Deed of Trust upon which foreclosure was sought was itself designed to secure a mortgage loan in the amount of $292,000. See Deed of Trust, Ex. 1 to Roundpoint's Request for Judicial Notice, ECF No. 4. Either way, it is clear that the value of the property Plaintiff seeks to protect, which is unquestionably the issue at dispute in this litigation, exceeds the sum of $75,000.00. In Henderson v. Nationstar Mortgage Co., No. C07-2039JLR, 2008 WL 302374 (W.D. Wash. Jan. 31, 2008), under similar circumstances, the district court found that where the main purpose of the lawsuit

was to prevent a foreclosure sale from going forward, and where injunctive relief in that regard was sought, "it is well established that the amount in controversy is measured by the value of the object of this litigation," there the value of the outstanding loan. Id. at *1, citing Cohn v. Petsmart, Inc., 281 F.3d 837, 840 (9th Cir. 2002).

While Plaintiff asserts that only the amount she is in arrears on the property should be considered in determining the amount in controversy, and while that figure is less than $30,000, the fact remains that Plaintiff stands to lose the entire property and the value it represents should foreclosure occur. Therefore, the Court concludes that the requisite amount in controversy to confer diversity jurisdiction has been satisfied.

**CONCLUSION**

For all the reasons set forth below, Plaintiff's Motion to Remand (ECF No. 6) is DENIED.

IT IS SO ORDERED.

Dated: November 9, 2015

MORRISON C. ENGLAND, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT