1
2
3
4
5
6
7

8            UNITED STATES DISTRICT COURT

9            EASTERN DISTRICT OF CALIFORNIA

10

11   BARBARA SHAWCROFT,                    No.  2:15-cv-00698-MCE-KJN

12            Plaintiff,

13        v.                               **MEMORANDUM AND ORDER**

14   ROUNDPOINT MORTGAGE
     SERVICING CORPORATION,  a
15   Florida Corporation; QUALITY LOAN
     SERVICE CORPORATION,  a
16   California Corporation; and Does 1
     through 10, inclusive,
17
             Defendants.
18

19

20        Through the present lawsuit, Plaintiff Barbara Shawcroft ("Plaintiff") seeks to

21   enjoin her mortgage servicer, Defendant Roundpoint Mortgage Servicing Corporation

22   ("Roundpoint") from selling Plaintiff's home, located at 2302 Bucklebury Drive in Davis,

23   California, at a Trustee's sale occasioned by her alleged failure to keep mortgage

24   payments current.[1]  In addition to injunctive relief, Plaintiff also seeks a declaratory

25   judgment to ascertain the propriety of Roundpoint's accounting for the mortgage

26   ///

27        [1] While Plaintiff has also sued the mortgage trustee, Quality Loan Service Corporation, Quality
     subsequently filed a Declaration of Non-Monetary Status and the lack of any objection to that Statement
28   has rendered Quality only a nominal party to these proceedings.

1   payments made by Plaintiff and whether its shortcomings in that regard violated

2   California law.

3       Plaintiff's lawsuit was commenced in Yolo County Superior Court but was

4   subsequently removed here on diversity grounds.  Presently before the Court is

5   Roundpoint's Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6)[2] for

6   failure to state a viable claim.  Alternatively, Roundpoint requests a more definite

7   statement in accordance with Rule 12(e).  Finally, in the event the Court declines to

8   dismiss Plaintiff's claim in its entirety, Roundpoint also requests that certain portions of

9   the Complaint pertaining to attorney's fees be stricken under Rule 12(f).

10      For the reasons set forth below, Roundpoint's Motion to Dismiss is DENIED in its

11  entirety, including its alternative requests to strike and for a more definite statement.[3]

12

13                          **BACKGROUND**

14

15      On or about February 14, 2003, Plaintiff obtained a $292,000 mortgage loan for

16  her home from Guaranty Residential Lending, Inc.  Roundpoint currently services the

17  loan.

18      On February 8, 2013, Plaintiff filed for Chapter 13 bankruptcy protection.  On

19  September 20, 2013, she filed a Chapter 13 Plan in her bankruptcy proceedings which

20  reported arrearages to Roundpoint in the total sum of $21,011.52.  According to the

21  terms of that proposed plan, Plaintiff would continue to pay monthly loan payments to

22  Roundpoint in the amount of $1,768.07, plus an additional monthly payment of $350.20,

23  which would be applied to the existing arrearage.

24      Plaintiff's proposed Chapter 13 plan was never approved, although the Trustee's

25  Final Report and Account reflect that Plaintiff paid some $31,804.74 to Roundpoint prior

26  _____

        [2] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless
27  otherwise noted.

        [3] Having determined that oral argument would not be of material assistance, the Court ordered this
28  Motion submitted on the briefing in accordance with Local Rule 230(g).

1    to the time her bankruptcy case was dismissed on September 16, 2014, for failure to

2    make required Plan payments.  According to Roundpoint, Plaintiff did nothing to cure her

3    longstanding mortgage deficit following dismissal of the bankruptcy proceeding, and in

4    fact increased arrearages on the property by failing to make required loan payments

5    from August 2014 to October 2014.  This prompted the trustee, Quality, to record a

6    notice of Trustee's Sale on October 13, 2014.

7         Plaintiff, on the other hand, claims that all required mortgage payments were

8    made by the bankruptcy trustee during the period between March 2013 and August of

9    2014.  According to Plaintiff's Complaint, she received no monthly statement, payment

10   notices or other invoices from Roundpoint regarding her mortgage after September

11   2014.  Compl, 14-15.  Plaintiff avers that because Roundpoint repeatedly refused to

12   provide a deficiency balance, she was prevented from bringing the account current and

13   could not make payments in the interim.  Then, on January 22, 2015, Plaintiff claims that

14   Roundpoint advised her counsel for the first time that the deficiency figure was

15   $28,538.59, an amount she disputes.  Given Roundpoint's refusal to withdraw the

16   Trustee's Sale, which had been rescheduled for February 5, 2015, Plaintiff filed her

17   Verified Complaint for Declaratory and Injunctive Relief and Damages in the Yolo County

18   Superior Court on January 29, 2015.  The state court subsequently issued a Temporary

19   Restraining Order ("TRO") enjoining the sale on February 3, 2015.

20        Plaintiff's Complaint asserts that Defendants violated the California Homeowner

21   Bill of Rights, California Civil Code § 2920, et seq. ("Homeowner Bill") by not ensuring

22   that notices given prior to a trustee's sale were accurate and supported by competent

23   and reliable evidence, as required by California Civil Code § 2924.17(a).  Plaintiff further

24   claims a violation of § 2924.17(b) on grounds that the mortgage servicer, here,

25   Roundpoint, did not review evidence  that substantiated Plaintiff's default, including her

26   loan status and loan information.  In her Second Cause of Action, she alleges that

27   § 2924.19 requires that a pending trustee's sale be enjoined until such time as the

28   ///

1   mortgage servicer, here Roundpoint, has demonstrated that the underlying violations of

2   §2924.17 have been remedied.

3       In addition to alleging claims under the Homeowner Bill, Plaintiff also claims in her

4   First Cause of Action that she is entitled to declaratory relief as to her rights under

5   California Civil Code § 1060.  As a factual predicate to that claim, she cites the

6   controversy as to whether payments she has made to Roundpoint have been properly

7   credited so as to properly support a Notice of Default.

8       In the wake of the state court's TRO, a motion for preliminary injunction was

9   scheduled for February 4, 2015, but that hearing was continued by stipulation to

10  March 17, 2015.  That hearing was again continued until June 16, 2015, in the interest of

11  discussing informal resolution, with the parties agreeing that the TRO remain in effect

12  until that time.  Despite what Plaintiff characterizes as continuing settlement discussions,

13  on March 27, 2015, Roundpoint removed the action to this Court on grounds that

14  because the remaining defendant, Quality, had been deemed a nominal party, its

15  citizenship could be disregarded for diversity purposes.  Roundpoint subsequently filed

16  the instant Motion to Dismiss on April 3, 2015.

18                            **STANDARD**

20      **A.  Motion to Dismiss for Failure to State a Viable Claim**

21      On a motion to dismiss for failure to state a claim under Federal Rule of Civil

22  Procedure 12(b)(6), all allegations of material fact must be accepted as true and

23  construed in the light most favorable to the nonmoving party.  Cahill v. Liberty Mut. Ins.

24  Co., 80 F.3d 336, 337-38 (9th Cir. 1996).  Rule 8(a)(2) "requires only 'a short and plain

25  statement of the claim showing that the pleader is entitled to relief' in order to 'give the

26  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell

27  Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41,

28  47 (1957)).  A complaint attacked by a Rule 12(b)(6) motion to dismiss does not require

1   detailed factual allegations.  However, "a plaintiff's obligation to provide the grounds of

2   his entitlement to relief requires more than labels and conclusions, and a formulaic

3   recitation of the elements of a cause of action will not do."  Id. (internal citations and

4   quotations omitted).  A court is not required to accept as true a "legal conclusion

5   couched as a factual allegation."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting

6   Twombly, 550 U.S. at 555).  "Factual allegations must be enough to raise a right to relief

7   above the speculative level."  Twombly, 550 U.S. at 555 (citing 5 Charles Alan Wright &

8   Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004) (stating that the

9   pleading must contain something more than "a statement of facts that merely creates a

10  suspicion [of] a legally cognizable right of action")).

11          Furthermore, "Rule 8(a)(2) . . . requires a showing, rather than a blanket

12  assertion, of entitlement to relief."  Id. at 555 n.3 (internal citations and quotations

13  omitted).  Thus, "[w]ithout some factual allegation in the complaint, it is hard to see how

14  a claimant could satisfy the requirements of providing not only 'fair notice' of the nature

15  of the claim, but also 'grounds' on which the claim rests."  Id. (citing Wright & Miller,

16  supra, at 94, 95).  A pleading must contain "only enough facts to state a claim to relief

17  that is plausible on its face."  Id. at 570.  If the "plaintiffs . . . have not nudged their claims

18  across the line from conceivable to plausible, their complaint must be dismissed."  Id.

19  However, "[a] well-pleaded complaint may proceed even if it strikes a savvy judge that

20  actual proof of those facts is improbable, and 'that a recovery is very remote and

21  unlikely.'"  Id. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

22          A court granting a motion to dismiss a complaint must then decide whether to

23  grant leave to amend.  Leave to amend should be "freely given" where there is no

24  "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice

25  to the opposing party by virtue of allowance of the amendment, [or] futility of the

26  amendment . . . ."  Foman v. Davis, 371 U.S. 178, 182 (1962); Eminence Capital, LLC v.

27  Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (listing the Foman factors as those to

28  be considered when deciding whether to grant leave to amend).  Not all of these factors

1    merit equal weight.  Rather, "the consideration of prejudice to the opposing party . . .

2    carries the greatest weight."  Id. (citing DCD Programs, Ltd. v. Leighton, 833 F.2d 183,

3    185 (9th Cir. 1987)).  Dismissal without leave to amend is proper only if it is clear that

4    "the complaint could not be saved by any amendment."  Intri-Plex Techs. v. Crest Group,

5    Inc., 499 F.3d 1048, 1056 (9th Cir. 2007) (citing In re Daou Sys., Inc., 411 F.3d 1006,

6    1013 (9th Cir. 2005); Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir.

7    1989) ("Leave need not be granted where the amendment of the complaint . . .

8    constitutes an exercise in futility . . . .")).

9          **B.   Motion for More Definite Statement**

10         A motion for more definite statement pursuant to Rule 12(e) attacks "the

11   unintelligibility of the complaint, not simply the mere lack of detail . . . ."  Neveau v. City

12   of Fresno, 392 F. Supp. 2d 1159, 1169 (E.D.Cal. 2005).  Courts will deny the motion if

13   the complaint is specific enough to give notice to the defendants of the substance of the

14   claim asserted.  Id.  A Rule 12(e) motion should be granted only if the complaint is "so

15   vague or ambiguous that the opposing party cannot respond, even with a simple denial,

16   in good faith or without prejudice to himself."  Cellars v. Pac. Coast Packaging, Inc.,

17   189 F.R.D. 575, 578 (N.D. Cal. 1999); see also Bautista v. L.A. Cnty., 216 F.3d 837, 843

18   n.1 (9th Cir. 2000) (Reinhardt, J., concurring) (party can move for more definite

19   statement on those rare occasions where a complaint is so vague or ambiguous that

20   party cannot reasonably frame a responsive pleading).

21         "Rule 12(e) is designed to strike an unintelligibility rather than want of detail.... A

22   motion for a more definite statement should not be used to test an opponent's case by

23   requiring him to allege certain facts or retreat from his allegations."  Neveu, 392 F. Supp.

24   2d at 1169 (quoting Palm Springs Med. Clinic, Inc. v. Desert Hosp., 628 F. Supp. 454,

25   464-65 (C.D. Cal. 1986).  If the facts sought by a motion for a more definite statement

26   are obtainable by discovery, the motion should be denied.  See McHenry v. Renne,

27   84 F.3d 1172, 1176 (9th Cir. 1996); Neveau, 392 F. Supp. 2d at 1169-70; Sagan v.

28   Apple Computer, 874 F. Supp. 1072, 1077 (C.D. Cal. 1994).  "This liberal standard of

1    pleading is consistent with [Rule] 8(a)(2) which allows pleadings that contain a 'short and

2    plain statement of the claim.'  Both rules assume that the parties will familiarize

3    themselves with the claims and ultimate facts through the discovery process." <u>Neveu</u>,

4    392 F. Supp. 2d at 1169 (citing <u>Sagan</u>, 874 F. Supp. at 1077 ("Motions for a more

5    definite statement are viewed with disfavor and are rarely granted because of the

6    minimal pleading requirements of the Federal Rules.")).

7         **C.  Motion to Strike**

8         The Court may strike "from any pleading any insufficient defense or any

9    redundant, immaterial, impertinent, or scandalous matter."   Fed. R. Civ. P. 12(f)

10   (emphasis added).   "[T]he function of a 12(f) motion to strike is to avoid the expenditure

11   of time and money that must arise from litigating spurious issues by dispensing with

12   those issues prior to trial...."  <u>Sidney-Vinstein v. A.H. Robins Co.</u>, 697 F.2d 880, 885 (9th

13   Cir. 1983).

14

15                              **ANALYSIS**

16

17        Roundpoint first argues that Plaintiff's Complaint fails to state viable claims

18   because it seeks declaratory and injunctive relief without premising those remedies on

19   an independently viable cause of action.  While Plaintiff points out that both an injunction

20   and declaratory relief are contemplated as remedies for violations of the California's

21   Homeowner Bill, Roundpoint claims that Plaintiff's own admissions, coupled with

22   judicially noticeable bankruptcy documents, show that Plaintiff failed to make required

23   payments in accordance with her Chapter 13 Plan, and that Plaintiff persisted in failing to

24   cure her default status after bankruptcy proceedings were concluded.  Accordingly, in

25   Roundpoint's view, Plaintiff cannot state an independently viable claim under the

26   Homeowner Bill upon which to base the equitable relief she now requests.

27        In this Court's estimation, Roundpoint overstates its case, particularly for

28   purposes of a motion to dismiss, under which the allegations of Plaintiff's complaint must

                                        7

1    be presumed true.  California Civil Code § 2419(a) unquestionably authorizes injunctive

2    relief for violations of the Homeowner Bill, and California Code of Civil Procedure

3    similarly authorizes a declaratory relief action to ascertain the rights and duties

4    encompassed within a written instrument.  Roundpoint in essence argues that there

5    cannot be any dispute under either statutory scheme because Plaintiff's mortgage and

6    bankruptcy documents indicate otherwise.

7           While the Court can and will take judicial notice of the existence of documents

8    purporting to identify the scope of Plaintiff's indebtedness, that does not necessarily

9    correlate with a conclusion that the numbers contained in those documents are accurate.

10   Plaintiff's Complaint alleges that the arrearage claimed by Roundpoint in the amount of

11   more than $28,000 is "plainly erroneous" since she made all required mortgage

12   payments between March 2013 and August 2014.  She also makes clear that

13   Roundpoint refused to provide her monthly statements of payment notices beginning in

14   September 2014 so that she could bring her account current.  Compl., ¶¶ 14-16.  For

15   purposes of a motion to dismiss, those allegations must be accepted as true and

16   construed in Plaintiff's favor.  See Livid Holdings Ltd. v. Solomon Smith Barney, Inc.,

17   417 F.3d 940, 946 (9th Cir. 2005).  Moreover, while Plaintiff's bankruptcy attorney

18   calculated the amount of Plaintiff's arrears at $21,011.52 at the time he submitted a

19   Chapter 13 Plan on Plaintiff's behalf in February of 2013, that Plan was never confirmed

20   and Plaintiff disputes its accuracy.

21          According to the initial Notice of Default filed on June 1, 2012, Plaintiff's past due

22   payments, plus costs and expenses, totaled only $9,293.38 as of May 30, 2012.  Def.'s

23   Request For Judicial Notice ("RJN"), Ex. 4.  As of September 2013, when Plaintiff's

24   Chapter 13 Plan was submitted, that amount had allegedly more than doubled to more

25   than $21,000.  Id. at Ex. 6.  Unless Plaintiff had made virtually no payments in the

26   intervening period, a scenario she specifically denies in her Complaint, an increase of

27   that magnitude would appear improbable.  Moreover, if we look to the amount of

28   payments made by the Trustee as of November 18, 2014, a total of some $31,804.74

8

1   was allegedly made to Roundpoint during a period that presumably would have started

2   after the Chapter 13 Plan was submitted on September 20, 2013.  Id. at Ex. 9.  That

3   approximate 14-month period would yield an average monthly payment of nearly $2,300,

4   a figure in excess of the $2,118.27 monthly payment to Roundpoint called for by the

5   Plan.  The facts are further clouded by what appears to have been erratic payments on

6   Plaintiff's part, including a lump sum payment of $18,390 apparently made by Plaintiff on

7   July 24, 2014.  Id. at Ex. 8.

8          While the Court is fully mindful that these discrepancies may well be clarified

9   through further evidence, it simply cannot make a determination at the pleadings stage

10  that all of Roundpoint's figures are necessarily accurate.  Given Plaintiff's claim at this

11  juncture that she made the required payments and that Roundpoint refused to provide a

12  proper accounting of those payments, Plaintiff's Complaint survives a pleading challenge

13  at this time.

14         Roundpoint's second argument, that Plaintiff lacks standing to assert any claim

15  because of her failure to allege a tender in the amount of the secured indebtedness, is

16  equally problematic.  As indicated above, Roundpoint's alleged refusal to tell Plaintiff

17  what she owed, and to provide a proper accounting, figures prominently in her

18  complaint.  Although Roundpoint cites authority for the proposition that tender of what a

19  homeowner owes is necessary in order to maintain any cause of action for irregularity in

20  the sale procedure (See Abdallah v. United Sav. Bank, 43 Cal. App. 4th 1101, 1109

21  (1996)), Plaintiff alleges that Roundpoint's failure to provide an accurate accounting

22  prevents her from making any such tender.   As Plaintiff states in her Complaint:

23              Plaintiff is ready, willing, and able to pay the correct amount
             to bring her account current and avoid the trustee's sale, but
24           has been prevented from doing so by Defendants' incorrect
             information, lack of responsiveness, and failure to provide a
25           proper accounting.

26  Compl., ¶ 22.

27         At this juncture, Plaintiff's offer of tender as evinced in her Complaint, as well as

28  the unresolved question of to what extent she remains indebted to Roundpoint, is

1    enough to satisfy any tender requirement.  A conclusion otherwise would require Plaintiff

2    to pay an amount she expressly argues is "plainly erroneous," and would largely defeat

3    the very purpose of her lawsuit.

4           The third and final argument advanced by Roundpoint in its motion is no more

5    persuasive.  Arguing that each party is required to bear its own attorneys' fees unless a

6    statute or other agreements between the parties provides otherwise, Roundpoint asks

7    the Court to strike Plaintiff's fee request on grounds that she has identified no such

8    source.  Roundpoint fails to recognize, however, that  Paragraph 31 of the Complaint

9    (one of the two portions it seeks to strike, the other being the concluding prayer

10   requesting fees) specifically cites to provisions of California's Homeowner Bill which

11   authorizes a prevailing borrower reasonable attorney's fees and costs in an action

12   brought under that statutory scheme.  See Cal. Civ. Code § 2924.19(h).  That argument

13   is thus rejected.

14

15                                        **CONCLUSION**

16

17          For the reasons set forth above, Defendant's Motion to Dismiss (ECF No. 3),

18   which alternatively requests a more definite statement and/or an order striking certain of

19   Plaintiff's allegations as set forth in her Complaint, is DENIED in its entirety.

20          IT IS SO ORDERED.

21   Dated:  November 20, 2015

22

23

24   _____
     MORRISON C. ENGLAND, JR, CHIEF JUDGE
25   UNITED STATES DISTRICT COURT

26

27

28